IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RYAN ELLIOT FEHDERAU, | |
|---|---|
| Plaintiff, | 8:18CV593 |
| vs. | |
| GOODWILL INDUSTRIES, INC., | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff filed his Complaint on December 26, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this civil action against Goodwill Industries, Inc. alleging a federal question based on "Restatement of the Law, Second, Torts, § 652." (Filing No. 1 at CM/ECF p. 3.) Plaintiff's "Statement of Claim" simply states "[i]nvasion of privacy" and, in his request for relief, Plaintiff alleges: "Followed by private investigator. Camera. Stalking. Harrassment. Invasion of privacy. Hate. Obscenities." (*Id.* at CM/ECF pp. 4–5 (punctuation & spelling in original).) Plaintiff requests damages of $2,000,000 and punitive damages of $5,000,000. (*Id.* at CM/ECF p. 5.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Plaintiff's Complaint fails to meet this minimal pleading

standard. Moreover, the Complaint's allegations fail to establish the court's subject-matter jurisdiction.

A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). Subject-matter jurisdiction may also be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Here, Plaintiff has not alleged the parties are citizens of different states, and the Complaint fails to state Defendant's place of incorporation and principal place of business as required to establish diversity jurisdiction. *See Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987) (complaint failed to establish diversity jurisdiction where it stated Plaintiff's residency, but not his citizenship, and failed to state the principle places of business of corporate defendants). In addition, Plaintiff does not allege a cause of action under federal law. While Plaintiff checked the box on the form civil complaint indicating the basis for the court's jurisdiction is a federal question, he did not allege that any federal laws or constitutional provisions are at issue. (*See* Filing No. 1 at CM/ECF p. 3.) Rather, Plaintiff cites section 652 of the Restatement Second of Torts which discusses the functions of a judge and jury in actions for injurious falsehood. *See* Restatement (Second) of Torts § 652 (1977). Such actions do not involve a federal question, and Plaintiff's other sparse allegations of harassment, invasion of privacy, and stalking simply do not reasonably suggest Defendant violated federal law.

As it stands, the Complaint's allegations fail to establish that jurisdiction exists under section 1331 or section 1332. On the court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that clearly sets forth a basis for this court's jurisdiction and sufficiently describes his claims against Defendant. Plaintiff should be mindful to clearly explain what Defendant did to him, when Defendant did it, how Defendant's actions harmed him, and what specific legal rights Plaintiff believes Defendant violated. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendant will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **November 1, 2019**, to filed an amended complaint that clearly sets forth a basis for this court's jurisdiction and states a claim upon which relief may be granted against Defendant. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: **November 1, 2019**: check for amended complaint.

Dated this 2nd day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge